UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | 18-CV-05630-CAS; 08-BK-20298-BR; 16-AP-01553 | Date | January 7, 2022 |
|---|---|---|---|
| Title | IN RE TOWER PARK PROPERTIES | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| DAISY ROJAS | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** TOWER PARK PROPERTIES' APPEAL FROM BANKRUPTCY COURT'S DECISION DENYING LEAVE TO AMEND (Dkt. 33, filed October 28, 2021)

### I. INTRODUCTION AND BACKGROUND

On December 15, 2016, plaintiff Tower Park Properties ("TPP") filed this bankruptcy court adversary proceeding against defendant Fiduciary Trust International of California ("FTIC"). Dkt. 12-1, Electronic Record ("ER") 001–019 ("Compl."). FTIC is sued in its capacity as Trustee of the Mark Hughes Family Trust (the "Trust"). Id. TPP alleges that FTIC breached a settlement agreement, which TPP executed with the previous trustees of the Trust on January 3, 2013. Id. TPP alleges claims for (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing. Id.

On March 22, 2017, the United States Bankruptcy Court, the Hon. Barry Russell, presiding, stayed TPP's adversary proceeding pending resolution of a related Ninth Circuit appeal. ER 073. The Ninth Circuit issued its ruling on November 27, 2017, and TPP subsequently revived this adversary proceeding. FTIC moved for judgment on the pleadings on April 4, 2018. ER 075–100. Following a hearing, the bankruptcy court granted the motion, with prejudice, on May 23, 2018. ER 130–31.

TPP filed an appeal of the bankruptcy court's ruling on August 20, 2018. Dkt. 12. TPP's appeal stated that "at a minimum the Bankruptcy Court erred in failing to grant TPP leave to amend," but TPP did not provide substantial argument regarding leave to amend in its opening brief on appeal. Id. at 12, 35. On September 19, 2019, FTIC filed its opposition brief, in which it argued that TPP effectively waived its right to seek leave to amend because TPP did not request leave to amend when it opposed FTIC's initial motion for judgment on the pleadings, and because, in any event, TPP's request to amend would be futile. Dkt. 18 at 41-42. On October 3, 2018, in its reply brief, TPP reiterated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18-CV-05630-CAS | Date | January 7, 2022 |
|---|---|---|---|
| Title | IN RE TOWER PARK PROPERTIES | | |

that "[e]ven if the Bankruptcy Court decided all of these issues correctly, it abused its discretion by not granting TPP leave to amend its Complaint, to add additional factual allegations to supports its claims." Dkt. 19 at 19.

On February 6, 2018, the Court found that the bankruptcy court properly granted FTIC's motion for judgment on the pleadings. Dkt. 20 ("Feb. 2018 Order") at 18.[1] The Court concluded that, in light of the Ninth Circuit's ruling on November 17, 2017, FTIC could not have breached the Settlement Agreement based on conduct that occurred after February 5, 2013. Id. However, in light of parties' contentions regarding whether leave to amend should have been granted, the Court held a hearing on March 4, 2019, where the Court heard argument on whether the bankruptcy court abused its discretion by denying leave to amend.[2] Dkt. 23. The Court thereafter took the matter under submission. Id.

The court prepared an order, but it later came to the Court's attention that the order was never issued. On October 1, 2021, the Court issued a minute order stating that "[t]he bankruptcy case has concluded and the question of leave to amend is moot." Dkt. 26 (the "October 1, 2021 Order"). In response, on October 13, 2021, TPP filed a motion to correct the October 1, 2021 Order, stating that "the bankruptcy case has not concluded, and the administrative closure in 2020 of the adversary proceeding from which Tower Park's appeal to this Court originates in no way divests this Court of jurisdiction nor renders this appeal moot." Dkt. 29. On October 14, 2021, the Court vacated the October 1, 2021 Order, and set a briefing schedule on the question of whether the bankruptcy court abused its discretion by denying leave to amend. Dkt. 31.

TPP filed its brief in support of leave to amend on October 28, 2021. Dkt. 33 ("Mot."). FTIC filed its opposition brief on November 12, 2021. Dkt. 35 ("Opp."). TPP filed its reply brief on November 19, 2021. Dkt. 36 ("Reply").

---

[1] A more comprehensive summary of the facts and procedural history of this case is included in the Court's February 2018 Order. See Dkt. 20 at 1-12.

[2] At the March 4, 2019, hearing, TPP presented the Court with a copy of its proposed amendment complaint ("PAC"). See Dkt. 33-1 (Declaration of TPP's counsel A. Matthew Ashley ("Ashley Decl.")) ¶ 5. TPP also attached a copy of the PAC to its October 28, 2021, brief in support of leave to amend. See Dkt. 33-5 (Ashley Decl., Ex. 4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18-CV-05630-CAS | Date | January 7, 2022 |
|---|---|---|---|
| Title | IN RE TOWER PARK PROPERTIES | | |

The issue of whether the bankruptcy court's denial of leave to amend was an abuse of its discretion is now before the Court. Having carefully considered the parties' arguments, both during the March 4, 2019, hearing and based on their briefs, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

As a general rule, leave to amend a complaint dismissed under Rule 12 should be freely granted. Fed. R. Civ. P. 15(a).[3] "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (quoting United States v. Webb, 655 F.2d 977, 979 (9th Cir.1981)).  However, a "court may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Denial of leave to amend is reviewed for abuse of discretion. AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 949 (9th Cir. 2006).  In reviewing a court's denial of leave to amend, a "court's failure to consider the relevant factors and articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); see also Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1292–93 (9th Cir. 1983 ) (explaining that "where the record does not clearly dictate the district court's denial, we have been unwilling to affirm absent written findings," particularly where there is no clear showing that amendment would be futile); but see Gravel Express, Inc. v. Meadow Valley Contractors, Inc., 232 F.3d 894 (9th Cir. 2000) (unpublished) ("The lack of such written findings is not fatal; if the record clearly indicates the reasons for the denial, as is it did here, there is no abuse of discretion.").

## IV.    DISCUSSION

At the March 4, 2019, hearing, TPP argued that it was an abuse of discretion for the bankruptcy court to deny leave to amend after TPP requested leave.  TPP noted that the bankruptcy court provided no explanation for denying leave, save for TPP's failure to brief the matter in its opposition to FTIC's motion for judgment on the pleadings.  TPP

---

[3] Fed. R. Civ. P. 15 "applies in adversary proceedings." Fed. R. Bankr. P. 7015.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18-CV-05630-CAS | Date | January 7, 2022 |
|---|---|---|---|
| Title | IN RE TOWER PARK PROPERTIES | | |

emphasized that, as a policy matter, cases are better decided on the merits. TPP further argued that it could allege additional facts that would state two valid claims, which are not precluded by the Ninth Circuit's November 2017 ruling.[4]

In response, FTIC argued that TPP's delayed request for leave to amend was a proper basis for denying leave to amend—particularly because TPP did not suggest that its proposed amended pleading alleges facts based on newly-discovered information. FTIC also contended that, were a court to consider the allegations regarding FTIC's alleged collusion with Hughes, a court would find the proposed amended pleading to be futile and the new allegations to be implausible. FTIC continues to argue that it was not bound by the Settlement Agreement, which was entered into by TPP and former trustees of the Trust.

In their brief in support of leave to amend, TPP reiterates that the bankruptcy court's refusal to allow amendment must be reversed given the Ninth Circuit's policy of extreme liberality. Mot. at 5. TPP adds that a request to amend "in the papers" is not necessary in the Ninth Circuit, and that where the trial court "makes no determination that the allegation of other facts could never cure the deficiencies in a complaint, dismissing with prejudice is an abuse of discretion." Id. at 6 (citing Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). TPP also argues that the bankruptcy court applied none of the Foman factors (bad faith, undue delay, prejudice to the opposing party, and futility of amendment) before denying leave to amend, even though "[t]he Ninth Circuit has consistently indicated that a denial of leave to amend, without a cognizable explanation, is reversible error." Mot. at 7-8 (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987)). Finally, TPP contends that none of its proposed amendments would be futile. Mot. at 10-14.

In its opposition brief, FTIC argues that TPP voluntarily relinquished its opportunity to seek leave to amend when it rejected an opportunity to amend before the bankruptcy court set a briefing schedule on FTIC's motion for judgment on the pleadings. Opp. at 6-7. FTIC contends that "[l]eave to amend, like other procedural rights, can be relinquished," and that "courts regularly deny leave to amend when a party has affirmatively rejected the opportunity to amend, as Tower Park did here." Id. at 7 (citing

---

[4] At the March 4, 2019, hearing, TPP proffered the Court the PAC, which it also provided to FTIC in advance of the hearing. In reaching its conclusion regarding whether the bankruptcy court abused its discretion by denying leave to amend, the Court does not consider whether the PAC would justify granting leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18-CV-05630-CAS | Date | January 7, 2022 |
|---|---|---|---|
| Title | IN RE TOWER PARK PROPERTIES | | |

Davies v. Deutsche Bank Nat'l Tr. Co. (In re Davies), 2012 WL 370689, at *8 (B.A.P. 9th Cir. Jan. 12, 2012); Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 677 (9th Cir. 1993)). FTIC also argues that TPP's PAC retroactively undermines the bankruptcy court's exercise of discretion, because "this Court must review that determination based on the record as it stood in the Bankruptcy Court," and that amendment would be futile. Opp. at 8-14.

In reply, TPP notes that FTIC's opposition "fails to even mention the word prejudice, let alone demonstrate it." Reply at 6. TPP contends that FTIC's argument that TPP "was required to amend its complaint before FTIC even filed its motion for judgment on the pleadings" is unsupported by any authority, and is contrary to law. Reply at 6 (citing Opp. at 6). TPP adds that "the first time a specific alleged deficiency was set forth in a motion challenging the complaint, Tower Park requested leave to amend at oral argument. This request plainly satisfies Ninth Circuit standards." Reply at 8.

TPP requested leave to amend at the hearing which was held by the bankruptcy court on FTIC's motion for judgment on the pleadings on May 23, 2018. See Case No. 2:16-ap-01553-BR Dkt. 73 ("Transcript") 23:5–23:23; 31:10–32:1. In light of this request, the Court finds that it was error for the bankruptcy court to grant the motion without giving TPP an opportunity to proffer a proposed amended pleading. "Rule 15(a) is designed 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011) (quoting Webb, 655 F.2d at 979). TPP admittedly could have, and arguably should have, briefed its request to amend its complaint. However, with no further indication of bad faith, dilatory motive, or futility, this delay is not so great as to warrant dismissal on a technicality, as opposed to on the merits. Once TPP argued at the hearing that it could amend its complaint to more adequately allege collusion and conspiracy between Hughes and FTIC, the bankruptcy court should have considered those allegations. Specifically, the bankruptcy court should have given TPP an opportunity to demonstrate that an amended pleading would not have been futile. See Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) ("It is of no consequence that no request to amend the pleading was made in the district court."); Felton v. Hoover, 56 F. App'x 837, 838 (9th Cir. 2003) (unpublished) ("Leave to amend, whether requested or not, should be granted unless amendment would be futile.") (citing Schreiber Distributing, 806 F.2d at 1401).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 18-CV-05630-CAS | Date | January 7, 2022 |
|---|---|---|---|
| Title | IN RE TOWER PARK PROPERTIES | | |

Accordingly, the order of the bankruptcy court granting FTIC's motion for judgment on the pleadings with prejudice is **VACATED** insofar as it denied leave to amend. The case is **REMANDED** on that issue, for the bankruptcy court to consider in the first instance whether granting leave to TPP to file PAC should be denied on the ground of futility or on other grounds, and to consider whether leave should be granted without prejudice to its consideration of a motion to dismiss the amended pleading.

**V.    CONCLUSION**

In accordance with the foregoing, the Court **AFFIRMS** the bankruptcy court's judgment on the pleadings, but the order is **VACATED** insofar as it denied leave to amend. The case is **REMANDED** on that issue.

IT IS SO ORDERED.

|  |  : |
|---|---|
| Initials of Preparer | DR |